David Abrams, Attorney at Law
PO Box 3353 Church Street Station
New York, New York 10008
Tel. 212-897-5821 dnabrams@gmail.com

| | |
|---|---|
| United States District Court | **TO BE FILED UNDER SEAL** |
| District of Colorado | |

_____

United States of America ex rel.
TZAC Inc.,

           Plaintiff-Relator,

        - against -            Index No.:

DVCANVASS LLC;            **COMPLAINT**
DONORVOICE LLC;
GRASSROOTS TEAM LLC; and
PUBLIC OUTREACH
FUNDRAISING LLC,

           Defendants.

_____

Plaintiff-Relator, complaining of the Defendant by its attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.    Nature of the Case**

1. This is a false claims act claim. The Qui Tam Plaintiff and Relator, TZAC Inc. ("Relator"), alleges that the Defendants fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. More specifically, the Defendants engaged in fundraising activities on behalf of Amnesty International and were therefore required to register under the Foreign Agent Registration Act and were therefore ineligible for second-round PPP disaster relief.

**[continued on next page]**

**II.     Parties**

2.      Defendants DVCANVASS LLC ("DVCANVASS"); DONORVOICE LLC ("DONORVOICE"); GRASSROOTS TEAM LLC ("GRASSROOTS TEAM"); and PUBLIC OUTREACH FUNDRAISING LLC ("PUBLIC OUTREACH") are all incorporated entities.

3.      The Relator, TZAC Inc. ("Relator" or "The Zionist Advocacy Center") is a business corporation with a principle place of business in the State of New York, County of Delaware.

**III     Compliance With Requirements of Suit**

4.      This matter will be filed under seal pursuant to 31 U.S.C. Section 3730(b) and at or about the same time, a copy of the Complaint, Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for this district.

5.      Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed.  Thus, if the Complaint or is served on a Defendant, it means that the matter has been duly unsealed.

**IV.    Jurisdiction and Venue**

6.       This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where the Defendant resides or transacts business.  In this case, DVCANVASS LLC maintains an office at 1576 Sherman St Suite 208 Denver, Colorado 80203.

7.      In any event, the Defendants are all fundraising organizations which operate throughout the United States.   There is exactly one district in which all of the Defendants are duly qualified to transact business which is the District of Colorado.

8.  To be clear, Relator is not basing personal jurisdiction on the Defendants' contacts with Colorado. The False Claims Act is a national service statute and therefore it is the Defendants contacts with the United States that matter. Colorado is simply the chosen venue.

**V.   Background**

9.  At all times relevant to this matter, there existed an organization called "Amnesty International" which is a political advocacy organization based in the United Kingdom. Amnesty International maintains a subsidiary organization called "Amnesty International of the USA Inc." ("Amnesty USA") which describes itself as the "United States section of Amnesty International."

10. More specifically, Amnesty International (and Amnesty USA) are overseen and controlled by two UK organizations -- "Amnesty International Limited" and "Amnesty International Charity Limited" -- which are together known as the "International Secretariat." The International Secretariat oversees the operations of all Amnesty International organizations worldwide and collects millions of dollars a year in monetary assessments from them.

11. Amnesty International and its related organizations engages in political advocacy all over the world including advocacy within the United States on issues such as the death penalty and U.S. membership in the International Criminal Court treaty.

12. Thus, Amnesty International and the International Secretariat are a "foreign principal" within the meaning of 22 U.S.C. Section 611 in that they are foreign incorporated entities.

13. At all times relevant to this matter, the Defendants engaged in fundraising activities within the United States pursuant to contracts with Amnesty USA. Thus, the Defendants were all agents of a foreign principal in that they indirectly acted under the control of the foreign

3

principal identified above and engaged in fundraising, indirectly, on behalf of said foreign principal.

14.     Moreover, the foregoing activities were not private nonpolitical activities in furtherance of trade and commerce in that Amnesty International and its affiliates are all advocacy organizations which seek to change public policy all over the world, including within the United States.

15.     Accordingly, all of the Defendants were required to register as foreign agents pursuant to 22 U.S.C. Section 612.

16.     Accordingly, none of the Defendants were eligible for second-round PPP relief.

17.     Nevertheless, the Defendants received second-round PPP relief as follows:

| Name | Date | Loan Number | Amount | Forgiven |
| --- | --- | --- | --- | --- |
| DVCANVASS | 2/6/21 | 4339738408 | $201,087 | 6/28/2022 |
| DONORVOICE | 1/22/21 | 4010428305 | $81,820.83 | 12/1/2021 |
| GRASROOTS TEAM | 5/18/21 | 2788819008 | $555,421 | 3/9/2022 |
| PUBLIC OUTREACH FUNDRAISING | 3/24/21 | 7602668609 | $455,827 | 10/25/2021 |

18.     In order to receive the foregoing funding, the each Defendant had to execute Form 2483-SD (on or about the dates set forth above) and certify that "[t]he Applicant is not required to submit a registration statement under section 2 of the Foreign Agents Registration Act of 1938 (22 U.S.C. 612)"

19.     The foregoing certifications were false in that, at all times relevant to this matter, each Defendant engaged in fundraising activities on behalf of their foreign principals, Amnesty International and the International Secretariat.

4

**VI.     Claims for Relief**

(Count I)  Violation of the False Claims Act

20. The False Claims Act imposes liability on a person or entity who " knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim"  31 U.S.C. Section 3729(a)(1)(B)

21. The Courts have held that this can include false statements regarding eligibility to participate in a program.  See *United States ex rel. Kirk v. Schindler Elevator Corp*.,  601 F.3d 94, 116 (2d Cir. 2010), rev'd on other grounds, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.")

22. Thus, the Defendants' certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

**VII.    Relief Sought**

23. On behalf of the government, Relator is seeking judgment for  the triple damages and civil penalties set forth in 31 U.S.C. Section 3729.

[continued on next page]

24.     The Defendants received relief as set forth above. Accordingly, Relator seeks judgment as set forth below, together with costs, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

| Defendant | Triple Damages |
|---|---|
| DVCANVASS | $603,261.00 |
| DONORVOICE | $245,462.49 |
| GRASROOTS TEAM | $1,666,263.00 |
| PUBLIC OUTREACH FUNDRAISING | $1,367,481.00 |

Respectfully submitted,

_____

David Abrams, Attorney at Law
 Attorney for Relator
TZAC Inc.

PO Box 3353 Church Street Station
New York, NY 10008
Tel. 212-897-5821
Fax  212-897-5811

Dated: New York, NY
       August 19, 2022

6